IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 2 2002

Michael N. Milby
Clerk of Court

| | | | |
|---|---|---|---|
| MANUEL  CRUZ-ISLAS, | § | | |
| MOVANT-DEFENDANT, | § | | |
| VS, | § | Civil# | B-02-CV-105 |
| UNITED STATES OF AMERICA, | § | CRIM.# | B-99-CR-263-01 |
| RESPONDENT. | § | | |

---

**MOVANT-DEFENDANT'S MEMORANDUM IN SUPPORT OF §2255 MOTION**

---

**COMES NOW** movant-defendant Manuel Cruz-Islas, inmate register number 86510-079 with his "Memorandum in Support of his Original 28 USC §§2255 Collateral Attack Motion", attacking both, the conviction and sentence in this matter.

Movant will incorporate to his [AO-243 §2255 Form] the foregoing memorandum of law with below listed [c]onstitutional points of error:

1.01. WHETHER MOVANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING RESENTENCING ON SEPT.15,2000?

2.01. WHETHER THE 16 LEVEL ENHANCEMENT PURSUANT TO 2L1.2(1)(a) WAS WARRANTED WHERE THE PRIOR DRUG CONVICTION WAS NOT AN "AGGRAVATED FELONY AS SET FORTH UNDER 8 USC § 1101(a)(43)?

3.01. WHETHER CJA APPELLATE COUNSEL VIOLATED THE EFFECTIVE ASSISTANCE OF COUNSEL CLAUSE FOR FAILURE TO APPEAL THE DENIAL OF THE EXTRAORD-INARY CIRCUMSTANCES DOWNWARD DEPARTURE?

-1-

4.01.  WHETHER AN EVIDENTIARY HEARING WOULD BE REQUIRED
       IN ORDER TO AFFORD MOVANT A FAIR OPPORTUNITY
       TO PRESENT HIS EVIDENCE AND FURTHER DISCOVERY?

IN FORMA PAUPERIS APPLICATION


Movant-defendant Manuel Cruz-Islas incorporates his
in forma pauperis application in order to proceed without court
cost or fees. Movant moves as indigent for CJA investigator at
no expenses to investigate and prepare a proper and valid due
investigation of the fact that movant's wife has had not one,
but three surgeries that have left her in a wheel chair and have
left movant's four children without the father's support due
to the current incarceration.


EXECUTED this 6th. day of June 2002.


RESPECTFULLY PRESENTED this 6th. day of June 2002 pursuant
to the prison legal mail procedures set forth under Houston v
Lack, 487 U.S. 266 (1988) and on this day I declare to have served
the Clerk of the Court with an original and two copies of said
"memorandum of law" and declare to have mailed the same via first
class mail, postage prepaid.

                              *Manuel Cruz Islas*
                              MANUEL CRUZ-ISLAS      PRO-SE
                              REG. NO. 86510-079
                              UNITED STATES PENITENTIARY
                              P.O. BOX 26030  D/B UNIT
                              BEAUMONT, TEXAS  77720-6030

-2-

## MEMORANDUM WITH POINTS OF LAW AND AUTHORITIES

### ISSUE NUMBER ONE

DEFENDANT ASSERTS TO HAVE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING RESENTENCING ON SEPT. 15,2002 WHERE DEFENSE COUNSEL GOMEZ FAILED TO SUBDUE THE COURT'S ALLEGATIONS OF MIS-REPRESENTATION OF FACTS TO THE COURT OF APPEALS.

Movant-defendant's sentence was remended by the Fifth Circuit with instructions to review for "extraordinary circumstances" involved on the reason[s] movant returned to the United States after deportation. [See Judgment Order dated Aug. 21,2002][#99-41273].

On September 15,2000, the Court of Honorable Filemon V. Vela held a resentencing hearing. As of sunrise, the Court was furious at the Federal Public Defender's Office for alleged reasons that appellate counsel Mr. Michael Sokolow had made a misrepresentation to the Fifth Circuit that the Judge was ignorant of the law. See S.T. at 2: . . ."based upon a determination by the Fifth circuit that this Judge at the time that this defendant was sentenced was ignorant of the law that permits the Judge to depart downward". This Court went to the extent to direct the government to initiate a grand jury investigation as to the Public Defender's Office. See S.T. at 4,5,6.  Movant asserts that this sunrise, open court reprimand intimidated defense counsel and thereafter remained inert during the hearing, leaving movant

-3-

to navigate on his own at the most critical stage of the re-
sentencing proceeding, where, in fact, movant committed numerous
errors on his pro-se representation.

      Movant-defendant continues to assert to have a valid
claim of extraordinary circumstances to have returned to the
United States border in order to care for his wife and children
at a critical stage of his wife health. In fact, movant's wife,
since he has been incarcerated, has received two more serious
surgeries that have left her in a wheel chair and her children
unattended. If this cannot be considered "extraordinary circumst-
ances", where movant risked his liberty when he was informed
that an ambulance had rushed his wife to the hospital and when
in fact, movant's only dedications while in this country, was
to take care of his wife and children. Had defense counsel been
prepared to present a defense, he would have obtained all of
the records from the hospital, where it required his signature
in order to operate on his wife. Affidavits of relatives that
knew the reasons movant returned to the border and to demonstrate
movant did not entered the United States in order to continue
to violate the law, when in fact, movant was schedule to apply
at the Bridge for a permit to enter due to the conditions of
his wife. Defense counsel failed to conduct such discovery and
investigations and if such documents were available at the time
of the resentencing hearing, defense counsel was intimidated
to an extent that he remained inert and presented no argument
and left the defendant on his own, before the court.

Movant-defendant assert to have been deprived of the
Effective Assistance of Counsel Clause guarantee under the 6th.
Amendment. Movant was not only deprived of a possible downward
departure, but an upward departure on his sentence was applied
by the Court per counsel's mistakes.

The Supreme Court and the Fifth Circuit agree that if
per defense counsel's mistake[s], a defendant's sentence is
increased above of what he should have received, ineffective
assistance of counsel is presumed. See Glover v United States,
148 L.Ed 2nd. 604 (2000), United States v Phillips, 210 F.3d
345 (5th. Cir. 2000). Movant's consideration of downward departure
were frustrated per counsel's failure to subdue, properly argue
and present all favorable evidence to support movant's extra-
ordinary circumstances to enter the United States border-line.

Movant-defendant contends that had not been for counsel's
mistakes, and had all available evidence had been presented,
the outcome of the proceeding would have been in favor of the
defendant, and if anything, defense counsel could have, but failed
to preserve the issue or raise the issues on direct appeal.

The Court have the discretion to depart downward under
§2L1.2 Application Note 5 under the "extraordinary circumstances",
See U.S. v Sanchez- Rodriquez, 161 F.3d 556 (9th. Cir. 1998).
Movant's prior drug conviction was for delivery of less than
three (3.0 grams) of cocaine. This cannot be considered under
the aggravated felony under 8 USC § 1101(a)(43).

## ISSUE NUMBER TWO

DEFENDANT ASSERTS THAT THE 16 LEVEL ENHANCEMENT PURSUANT TO 2L1.2(1)(a) WAS NOT WARRANTED WHERE MOVANT WAS NOT DEPORTED OR INDICTED UNDER THE "AGGRAVATED FELONY" OFFENSE.

Movant-defendant was originally indicted on June 22, 1999 under Indictment # B-99-263 pursuant to 8 USC § 1326(a) and (b). Movant was not originally charged for illegal reentry after deportation for an aggravated felony. In fact, movant was wrongfully deported for mere possession of less than three grams of cocaine. Pursuant to recent Amendment to USSG §2L1.2(b)(B), defendant sentence enhancement should only be a Base Offense level of 8 and 2L1.2(b)(B) enhancement of 12, not 16, minus the three (-3) points for acceptance of responsibilities, movant's base offence level should be Level 17 and not 21. That is four (-4) points less for consideration of lesser sentence.

Movant states for the records that two prior offenses that were used to establish the Criminal History Category were in fact consolidated as to one single offense. [i.e, 97-CR-713-A and 97-CR-833-A]. This should not be considered two prior drug conviction when they were consolidated as to one single offense for sentencing purpose. To enhance under both, 2L1.2 and under 4A1.1(a) would be considered impermissible double counting.

Movant-defendant asserts that his Base Offence Level should now be 17 and resentenced under such level not level 21. Movant will contest the removal order and attempt to reinstate his Residential status.

-6-

Movant asserts that pursuant to 8 USC § 1101(43)(B) and under the controlled Substance Act (CSA), a drug trafficking offense is not always an "aggravated felony". Movant was charged, indicted and convicted for a 2nd Degree Felony [See Judgment of Conviction under 97-CR-713-A & 97-CR-833-A] The Probation Department wrongfully misrepresented to the Court that movant had been previously deported after a conviction for an aggravated felony, delivery of controlled substance (i.e, 3.0 grams), Docket # 97-CR-713-A & 97-CR-833-A. Per careful review of the State Court Judgment Order, movant was charged under 2nd. Degree Felony and not an "aggravated felony" as stated on the Presentence Investigation Report ¶12 page 4.

Movant states for the records to be currently contesting the legality of the removal order and attempts to reinstate his Passport. If correct, movant asserts to be illegally held and wrongfully incarcerated.

Movant does not only request the application of the application of Amendment to 2L1.2(1)(a) but the statutory maximum of 2 years under 8 USC § 1326(a) where movant committed a non-aggravated felony. The maximum term of imprisonment is 2 years and not 20 years under 8 USC § 1326(b). Movant is not charged under the "aggravated felony" or the Controlled Substance Act (CSA) and should not be held under the 16 level enhancement in light of the petty offense of less than 3.0 grams.

-7-

### ISSUE NUMBER THREE

MOVANT ASSERTS THAT APPELLATE COUNSEL RENDERED INEFFECTIVE ON RESENTENCING AND ON DIRECT APPEAL WHERE THE CASE WAS REMANDED FOR CONSIDERATION OF "EXTRAORDINARY CIRCUMSTANCES" AND NO OTHER ISSUE WAS PRESERVED OTHER THAN THE APPRENDI ISSUE.

On August 21,2000, the Fifth Circuit remanded with instructions for the district court to take the opportunity to review for "extraordinary circumstances" in which to grant the defendant a downward departure based on the nature of the reasons movant opted to enter the United States? On remand, defense counsel did not only failed below objective standard, but had remained inert during the entire hearing. Defense counsel failed to present, object or preserve any of the issues subject to appeal review for the sole reasons this case was remanded.

On appeal, however, defense/appellate counsel opted to abandon the sole issue under remand and opted in lieu an issue to preserve in case Armendariz-Torres is overruled. Movant asserts that he was not only left in court to navigate on his own before the court, but without any proof in court to demonstrate that the allegations and statements made were true. Defense counsel failed to preserve an appeal issue in order to demonstrate that there were strong family reasons movant entered the United States after deportation. Numerous federal courts have held that the sentencing court has authority to depart downward when it "determines the circumstances related to family ties and relationship are extraordinary. United States v Galante, 111 F.3d. 1029.

-8-

See also <u>United States</u> v <u>Owens</u>, 145 F.3d 923, 928 (7th. Cir. 1998). Movant asserts that if the lower back surgery his wife undertook and the care of her four children, taken together with the fact that per medical malpractice, during the second and third surgery, movant's wife was left in a wheel chair and no one to care for her children with movant sentenced to serve 77 months because he entered the United States to sign and care for all the family needs, it would be hard to determine, what, if any circumstances the courts would depart downwards pursuant to USSG § 2K2.0. See <u>Koon</u> v <u>United States</u>, 518 U.S. 81,92 (1996).

Movant asserts that defense/appellate counsel could have and should have not only preserved the foregoing issues but also appeal this to the Fifth Circuit. Movant asserts that if any, defense counsel was limited to argue and preserve the "extraordinary circumstances" issue during resentencing and on direct appeal. Movant asserts to have received ineffective assistance of counsel at resentencing and on direct appeal.

Movant additionally asserts that the evidence provided to him before the hearing was never presented to the court and movant was not only left on his own during the hearing, but did not have the ability to properly argue and present the matter to the court, where defense counsel <u>did</u> <u>not</u> address the court as to any other matter than the Armendariz-Mata argument, that would have been a secundary argument and the reversal issue, per the Court's instructions, should have been the main issue during resentencing.

-9-

## ISSUE NUMBER FOUR

WHETHER IN ORDER TO PROPERLY PRESENT ALL THE ISSUES
AND FAVORABLE EVIDENCE, A RULE 8(a) EVIDENTIARY HEARING AND
RULE 6(a) DISCOVERY TAKEN TOGETHER WITH THE APPOINTMENT OF
COUNSEL AND PART TIME INVESTIGATOR BE PROVIDED UNDER THE CJA
IN ORDER TO AFFORD MOVANT THE FAIR OPPORTUNITY TO ARGUE, PRESENT
AND DISCOVER ALL AVAILABLE EVIDENCE TO WARRANT REVIEW OF HIS
COLLATERAL ATTACK MOTION?

Movant request pursuant to the Rules Governing Section
§2255, Rule 6(a) and 8(a) and §3006(a) for an evidentiary hearing
and discovery in this matter be granted with the benefit of the
appointment of counsel to investigate and prepare all available
evidence to demonstrate that in fact "extraordinary circumstances"
existed and continue to exist to warrant a downward departure
on movant's sentence and reduction of his sentence, including
but not limited to immediate release from prison.

Evidence outside the records exist to demonstrate not
only the ineffective assistance of counsel claim, but the fact
that movant's wife was left confined to a wheel chair and movant
to prison. There is no one to care for the children and in fact
movant's sole reason to reenter the United States was to care
and support his wife and children.

WHEREFORE, movant Manuel Cruz-Islas, careful and
respectfully prays for all relief sought herein and all other
relief the Court deems just and fair under the circumstances?

-10-

## SWORN DECLARATION

I Manuel Cruz-Islas hereby declare the foregoing material facts to be true and correct to the best of my knowledge and understanding. 28 USC §§1746.

*Manuel Cruz Islas*

Manuel Cruz-Islas    pro-se

## CERTIFICATE OF SERVICE

Movant-defendant declares to have served below listed parties:

United States Department of Justice
A.U.S.A. Adela Kowalski-garza
600 E. Harrison # 201
Brownsville, Texas 78520-7155

EXECUTED this *6th.* day of June 2002.

*Manuel Cruz Islas*

MANUEL CRUZ-ISLAS    pro-se

c.c. files

-11-

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 2 2002

Michael N. Milby
Clerk of Court

|                               |     |                              |
|-------------------------------|-----|------------------------------|
| MANUEL CRUZ-ISLAS,            | §   |                              |
|      PETITIONER,             | §   |                              |
|                               | §   |                              |
| VS,                           | §   | CIVIL CAUSE # **B-02-105**   |
|                               | §   |                              |
| UNITED STATES OF AMERICA,     | §   | CRIM. CAUSE # B-99-263-01-B  |
|      RESPONDENT.             | §   |                              |

PETITIONER'S MOTION FOR LEAVE TO FILE FIRST §2255

COMES FORTH Manuel Cruz-Islas, inmate register number 86510-079 who is currently incarserated at U.S. Penitentiary in Beaumont, Texas; with his original Collateral Attack Motion pursuant to 28 U.S.C. §2255 within the One-Year prescribed under the AEDPA after the Fifth Circuit final judgment order dated August 21,2001 under appeal number 00-41153 U.S. v Cruz-Islas (5th. Cir. 2001).

Petitioner incorporates his application to his motion for leave to file a "Memorandum of Law and Authorities" in support to the four issues raised in the application form. Petitioner careful and respectfully prays for jurisdiction and leave to file his memo-randum in support to the issues presented and for a cause number to be issued in this matter.

RESPECTFULLY EXECUTED this 20th. day of May 2002.

MANUEL CRUZ-ISLAS    PRO-SE

c.c. files

2

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

B-02-105

| **United States District Court** | District SOUTHERN DISTRICT OF TEXAS | |
|---|---|---|
| Name of Movant   MANUEL CRUZ-ISLAS | Prisoner No.   86510-079 | Case No.   99-CR-263-B |
| Place of Confinement   UNITED STATES PENITENTIARY/BEAUMONT PRISON COMPLEX | | |

UNITED STATES OF AMERICA          V.          MANUEL CRUZ-ISLAS
(name under which convicted)

United States District Cou
Southern District of Texa
FILED

MAY 2 2 2002

Michael N. Milby
Clerk of Court

## MOTION

1. Name and location of court which entered the judgment of conviction under attack   U.S. DISTRICT

   COURT. SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE, DIVISION

2. Date of judgment of conviction   OCTOBER 22,1999/ RE-SENTENCED SEPTEMBER 25,2000

3. Length of sentence   77 MONTHS

4. Nature of offense involved (all counts)   ILLEGAL ENTRY INTO THE UNITED STATES

   AFTER DEPORTATION. 8 U.S.C. §1326(A)&(B)



5. What was your plea? (Check one)
   (a) Not guilty       ☐
   (b) Guilty           ☒
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   GUILTY ON SINGLE COUNT OF INDICTMENT



6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☐
   (b) Judge only  ☐            N/A

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

    (a) Name of court  U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT

    (b) Result  REMANDED FOR RESENTENCING ON AUG. 21,2000

    (c) Date of result  AUG. 21,2000

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  N/A

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

        (5) Result  N/A

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____ N/A _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐ No ☐
(2) Second petition, etc.     Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach **pages stating additional grounds and facts supporting same.**

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF__

__COUNSEL DURING RESENTENCING ON SEPT. 15,2000.__

Supporting FACTS (state *briefly* without citing cases or law) __DURING RESENTENCING__
ON SEPTEMBER 15,2000, DEFENSE COUNSEL TIMOTEO E. GOMEZ WAS NOT PREPARED
WITH MATERIAL INFORMATION TO PRESENT TO THE COURT THE SOLE MOTIVES FOR
HIS RETURN TO THE UNITED STATES AND COULD NOT EXPLAIN TO THE COURT OF
THE REASONS FOR THE FIFTH CIRCUIT REVERSAL THAT MADE THE COURT "FURIOUS"
AGAINST PETITIONER TO AN EXTENT TO INSTEAD OF LOWERING HIS SENTENCE, THE
COURT INCREASED IT AND LATER REINSTATED THE OLD SENTENCE.

B. Ground two: _____

THE 16 POINT ENHANCEMENT PURSUANT TO 2L1.2(1)(A) IS
IN VIOLATION OF THE DUE PROCESS CLAUSE.
Supporting FACTS (state *briefly* without citing cases or law): __THE GRAND JURY__
INDICTMENT TO WHICH GIVES THE DISTRICT COURT JURISDICTION TO SENTENCE
DOES NOT CHARGE PETITIONER WITH AN AGGRAVATED FELONY AND DEPRIVED THE
GOVERNMENT AND THE COURT TO IMPOSE THE 16 LEVEL ENHANCEMENTS PURSUANT
TO 2L1.2(b)(2) AND SHOULD FALL UNDER THE 4 LEVEL ENHANCEMENT OF 2L1.2
(b)(1). Petitioner's sentence must be reduced to base offense level of
12.

C. Ground three: __APPELLATE COUNSEL TIMOTEO GOMEZ (SAME) RENDERED__
INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO OBJECT AND RAISE THE
REASONS PETITIONER ENTERED THE UNITED STATES ON APPEAL.
Supporting FACTS (state *briefly* without citing cases or law): _____

PETITIONER ASSERTS THAT APPELLATE COUNSEL RENDERED INEFFECTIVE
ASSISTANCE FOR FAILURE TO OBJECT AND RAISE ON APPEAL THE DENIAL OF THE
DOWNWARD DEPARTURE AFTER REVERSAL AND THE INCREASE SENTENCE ON APPEAL
WHERE INSTEAD, APPELLATE COUNSEL RAISED THE SAME ISSUE AS PRIOR APPEAL?

AO 243 (Rev. 5/85)

_____

_____

D. Ground four: __WHETHER THE COURT WOULD GRANT APPOINTMENT OF COUNSEL__
AND EVIDENTIARY HEARING ON §2255 COLLATERAL ATTACK MOTION TOGETHER
WITH DISCOVERY?
Supporting FACTS (state *briefly* without citing cases or law): __PETITIONER REQUEST__
THE APPOINTMENT OF COUNSEL UNDER §2255 AND DISCOVERY AND EVIDENTIARY
HEARINGS IN ORDER TO PRESENT HIS DEFENSE._____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them: _____
__NONE OF THE ISSUES PRESENTED HAVE BEEN RAISED DUE TO DEFENSE__
COUNSEL'S INEFFECTIVENESS ON ALL, TRIAL, SENTENCING AND DIRECT APPEAL._

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:
N/A
(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____
N

_____

AO 243 (Rev. 5/85)

(e) On appeal_____ N/A _____

_____

(f) In any post-conviction proceeding _____ N/A _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ N/A _____

_____

(b) Give date and length of the above sentence: _____ N/A _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

_____
Signature of Movant

(7)

3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 2 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MANUEL CRUZ-ISLAS, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-02-105 |
| VS. | § | |
| | § | CRIMINAL NO. B-99-263-01 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## O R D E R

Petitioner, Manuel Cruz-Islas, has filed a Motion To Vacate Sentence pursuant to Title 28, U.S.C. § 2255. Petitioner will be allowed to proceed in Forma Pauperis. The United States Government is hereby ordered to file a response by July 8, 2002.

DONE at Brownsville, Texas, this 23rd day of May, 2002.

John Wm. Black
United States Magistrate Judge

GJ — 14

**1999R02511**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 22 1999

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA          *

     vs          *          CRIMINAL NO. B - 99 - 263

MANUEL CRUZ-ISLAS          *

## I N D I C T M E N T

THE GRAND JURY CHARGES:

On or about October 11, 1998, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

MANUEL CRUZ-ISLAS,

an alien who had previously been deported and removed, did knowingly and unlawfully enter the United States,  the defendant having not obtained the consent of the Attorney General of the United States for reapplication by the defendant for admission into the United States.

In violation of Title 8, United States Code, Section 1326(a) and 1326(b).

A TRUE BILL:

_____
FOREMAN OF THE GRAND JURY

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

*Adela Kowalski-Garza*
ADELA KOWALSKI-GARZA
Assistant United States Attorney

MICHAEL N. MILBY, CLERK
ATTEST:
TRUE COPY I CERTIFY

CAUSE NO.97-CR-713-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| MANUEL ISLAS CRUZ | § | 107TH JUDICIAL DISTRICT |

### JUDGMENT OF CONVICTION;
### SENTENCE TO INSTITUTIONAL DIVISION

Judge Presiding:  Hon. A. D. Azios _____    Date of Judgment: _11/ 18 /97_

State's                                          Defendant's
Attorney: _____Hon. Carlos Cisneros_____    Attorney: _____Hon. Nat Perez, Jr._____

Offense
Convicted of:  Possession of Controlled Substance _____    Date of Conviction:  09/19/97 _____

Degree of Offense:  2nd Degree Felony _____    Date Offense Committed:  01/06/97 _____

Charging Instrument:  Indictment _____

Plea to Court:  Guilty _____    Verdict of Court: Guilty _____

Term of Plea Agreement (In Detail): __2 years TDC to run concurrent with 97-CR-833-A.___

Plea to Enhancement:  n/a _____    Findings on Enhancement:  n/a _____

Finding on Special Issue (In Detail) ___n/a _____

Date Sentence Imposed:  09/19/97 _____    Costs: $124.50 _____

Sentence of Imprisonment
Institutional Division:  Two (2) Years TDJC-ID ____    Fine:  n/a _____

Time Credited:  115 days _____    Date to Commence:  09/19/97 _____

Total Amount of Restitution: $   n/a _____

Restitution To Be Paid To: _____    Name:
                                               Address:


_____

This sentence is to be served concurrent with any other sentence unless otherwise specified. _____

97-CR-833-A

        On the date stated above, the above numbered and entitled cause was reached and called

for trial, and the State appeared by the attorney stated above, and the Defendant and the

Defendant's attorney were also present.  Thereupon, both sides announced ready for trial, and the

Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to

waive a jury in the trial of this cause and to submit it to the Court.

The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **POSSESSION OF CONTROLLED SUBSTANCE**. Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above, and, that both parties having waived the pre-sentence investigation report, the punishment is assessed by the Court at **TWO (2) YEARS** at the Texas Department of Criminal Justice, Institutional Division, and the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for which execution will issue.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff, until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for 115 days on account of the time spent in jail.

SIGNED FOR ENTRY:   NOVEMBER _____ 18 ____, 1997.


_____
JUDGE PRESIDING


FILED 2:45 o'clock ___ M
AURORA DE LA GARZA DIST. CLERK
NOV 1 8 1997
___ DISTRICT OF CAMERON COUNTY, TEXAS

# IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the JANUARY

Term, A. D. 19 97 , of the    197TH JUDICIAL DISTRICT    In and for

said County, upon their oaths in said Court, present that    MANUEL CRUZ ISLAS AND
MARIA DE LOS ANGELES VEGA

hereinafter called Defendants ,

on or about the    6TH    day of    JANUARY    A. D One Thousand Nine

Hundred and    NINETY-SEVEN    and anterior to the presentment of this indictment, in the County of

Cameron and State of Texas, did then and there unlawfully , intentionally and knowingly, by
actual delivery, constructive transfer and offer to sell, deliver to
MIGUEL SANCHEZ a controlled substance, to wit, cocaine, in an amount of
aggregate weight, including any adulterants and dilutants, of more than
1 gram but less than 4 grams,

*9/19/97*
*Defendant's name changed*
*to Manuel Islas Cruz*
*as suggested by the*
*Defendant.*

against the peace and dignity of the State.

*Ecleo Roberts*
Foreman of the Grand Jury

97-CR- 713-A