IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 05 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent | § | |
| | § | |
| v. | § | CR No. B-99-263-01 |
| | § | |
| MANUEL CRUZ-ISLAS, | § | |
|     Defendant-Movant | § | |
|     (CA No. B-02-105) | § | |

## GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255

1.

The court ordered the government to respond to Cruz' 28 U.S.C. §2255 motion, filed on May 22, 2002, by July 8, 2002. The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

The government denies each and every allegation of fact made by Cruz, except those supported by the record and those specifically admitted herein, and demands proof thereof.

3.

Cruz was indicted on June 22, 1999 in the Southern District of Texas, Houston Division, in CR B-99-263, and charged with illegal entry following deportation, committed on October 11, 1998, in violation of 8 U.S.C. §§1326(a, b).

He entered a guilty plea to the indictment on July 29, 1999 without the benefit of a plea agreement (1 R. 1; 2 R. 2-23).

The probation department scored Cruz at base offense level 8 under USSG §2L1.2, increased by 16 levels as a result of two prior separate drug convictions for an adjusted offense level 24. A three-level downward adjustment for timely acceptance of responsibility concluded in a total offense level of 21. Cruz' extensive criminal history, which included multiple points for assaultive conduct against Cruz' then-spouses and drug convictions, resulted in 15 criminal history points and a criminal history category of VI, bearing a punishment range of 77 to 96 months imprisonment (PSR, ¶¶2-55).

Cruz filed objections to the PSR and sought a downward departure on two grounds (docket entries 14, 18). He objected, *inter alia*, to a one-point criminal history point was awarded based upon a public intoxication conviction (docket entry 14). He sought a downward departure based upon the over-representation of his criminal history(docket entry 14), and because his commission of the offense was caused due to parental responsibilities requiring his presence after learning his-then wife was admitted into the hospital for back surgery (docket entry 18). Cruz argued that he should be sentenced to 57 months imprisonment (docket entry 14, p. 22).

At sentencing, held on October 18, 1999, the court sustained Cruz' objection to the one-point addition to his criminal history but overruled all other objections.

2

The motions for downward departure were denied (docket entry 19; sentencing transcript 2-6). The court adopted the PSR and sentenced Cruz to 77 months imprisonment followed by a three-year supervised release term. He was also ordered to pay $100.00 in a mandatory cost assessment (docket entries 19, 21).

Cruz appealed, arguing that the district court misunderstood its authority to depart from the guidelines based upon extraordinary family circumstances. The Fifth Circuit agreed and vacated the sentence, remanding the cause back for consideration of the claim (docket entries 27, 28).

On September 15, 2000, the court rejected the request for downward departure based upon extraordinary family circumstances, sentenced Cruz to 96 months imprisonment, a three-year supervised release term and directed Cruz to pay $100.00 in a court assessment (docket entry 29). On September 18, 2000, the court reversed itself, and sentenced Cruz to 77 months imprisonment, leaving the other terms intact (docket entries 30, 32). Cruz' second appeal was unsuccessful. *United States v. Cruz-Islas*, No. 00-41153 (5th Cir. August 21, 2001)(unpublished) (docket entries 34, 35), *cert. denied*, 122 S.Ct. 848 ([January 7, 2002]). He relied upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000) and arguing that *Almendarez-Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 1222 (1998).

On May 22, 2002, Cruz filed the instant post-conviction pleading under 28 U.S.C. §2255. The government moves to dismiss.

## 4.

## ALLEGATIONS

Cruz challenges in conclusory terms certain aspects of his resentencing proceedings, variously alleging ineffective assistance of counsel at trial and on appeal. He argues in vague and conclusory fashion that trial counsel was intimidated by the district court and failed to investigate certain discovery to support the motion for downward departure. He claims he was prejudiced by the court's imposition of a sentence that was an upward departure from the guidelines.

Second, Cruz faults the court's award of a 16-level increase based upon the commission of a "second degree felony offense" for drug trafficking. He argues that he should have received only two years imprisonment. Third, Cruz faults appellate counsel's decision to challenge his sentence under *Almedarez-Torres*. He contends that the denial of the downward departure should have been raised on direct appeal in the second appeal. He generally faults counsel's failure to present unidentified "evidence" during the sentencing hearing or on appeal. He seeks an evidentiary hearing.

5.

The pleading under 28 U.S.C. §2255 is timely. The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996). Quintanilla is currently incarcerated in a United States Bureau of Prisons facility in Beaumont, Texas. He seeks federal habeas corpus relief pursuant to 28 U.S.C. §2255 from his conviction in the Houston Division of the Southern District of Texas. A §2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.* He seeks relief from his conviction and sentence, and the relief sought under §2255 is appropriate .

6.

The government denies each and every allegation of fact made by Cruz, except those supported by the record and those specifically admitted herein, and demands proof thereof.

7.

Cruz is a citizen of Mexico. He was convicted for delivery of cocaine, on September 19, 1997, and was deported on September 3, 1998. By November 1998, Cruz had returned illegally to the United States, as evidenced by his arrest in Port

Isabel, Texas, for possession of cocaine.  On June 3, 1999, Cruz was confronted by Border Patrol at the Cameron County Jail in Brownsville, Texas.  Cruz admitted to having entered the United States illegally on October 11, 1998.  Immigration and Naturalization Service (I.N.S.) records reveal his return was without the consent of the Attorney General.

At the time of his guilty plea, Cruz was admonished by the district court that he was facing a maximum sentence of twenty (20) years (rearraignment hearing, p. 18). Cruz admitted to having entered the United States illegally following his deportation (rearraignment hearing, p. 23).

At his sentencing, on October 18, 1999, Cruz made objections related strictly to his guideline criminal history score. These objections were denied.  Cruz additionally moved for downward departure based upon the atypical impact his incarceration would have upon his dependent family.  The district court denied the motion, employing language suggesting to this Court that the district court may not have appreciated its power to depart on the alleged grounds.  The original sentence was appealed solely on the departure issue.  The case was remanded to the district court to insure the district court had an opportunity to evaluate whether the instant circumstances were extraordinary enough to justify a downward departure (docket entry 28).  This was a limited remand.

In preparation for his second sentencing, on September 13, 2000, Cruz objected to the PSR based upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). On September 15, 2000, mindful of this Court's instructions, the district court determined Cruz' circumstances to be insufficient to justify a downward departure. The district court denied Cruz' *Apprendi* objection. Although the district court ordered a ninety-six (96) month sentence, the district court later reimposed the original seventy-seven (77) month sentence (Resentencing hearing, p. 30; docket entry 32).

8.

A. Issues One and Three–Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, the §2255 petitioner must allege and prove: (1) that his counsel's performance was deficient; and (2) that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *United States v. Walker*, 68 F. 3d 931, 934 (5th Cir. 1995); *see also Glover v. United States*, 531 U.S. at 198, 202-04, 121 S.Ct. 696, 700-01(2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable. *Walker,* 68 F. 3d at 934. Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Strickland*, 466 U.S. at 694, 104 S. Ct. at

7

2068; *accord Glover*, 531 U.S. at 204, 121 S.Ct. at 701 (citing, *inter alia*, *Strickland*). Significantly, the petitioner making the claim of ineffective assistance must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods*, 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'")(quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064).

A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987).

Cruz argues in vague and general terms that counsel rendered ineffective assistance in failing to prepare for the sentencing proceeding. He does not identify specifically what evidence he provided to counsel, how it was relevant or how it

demonstrates that the court would have made a different decision. This conclusory

claim is insufficient to overcome a motion for dismissal. *See United States v.*

*Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (vague, conclusory claim subject to

dismissal); *United States v. Acklen*, 47 F.3d 739, 743-44 (5th Cir. 1995) ("Mere

conclusory" statements are insufficient to require limited discovery or an evidentiary

hearing.). Moreover, the allegations are inadequate to support a claim of

ineffectiveness. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

Second, since the case was on a limited remand, trial counsel could not pursue

other issues. Cruz does not identify any controlling authority that has altered the legal

analysis to review the sentencing issues, *cf. United States v. Singleton*, 49 F.3d 129,

144 (5th Cir. 1995) (where court noted on petition for rehearing that controlling

Supreme Court authority had been considered in the original opinion), and does not

demonstrate that the previous rulings were clearly erroneous or would otherwise result

in a manifest miscarriage of justice. *See Paul v. United States*, 734 F.2d 1064, 1066

(5th Cir. 1984).

Inasmuch as all other sentencing issues were resolved in the initial direct appeal,

the only matter before the district court was to consider the motion for downward

departure. *See City Public Service Bd. v. General Elec. Co.*, 935 F.2d 78, 82 (5th Cir.

1991) (limited scope of remand precluded district court from consideration of any

claim other than implied warranty), *modified on other grounds*, 947 F.2d 747 (5th Cir. 1991) (on petition for panel rehearing); *United States v. Shaw*, 883 F.2d 10, 12 (5th Cir. 1989) (limited remand in criminal prosecution recognized by Court), *cert. denied*, 493 U.S. 983, 110 S.Ct. 517 (1989). Consequently, the district court had no jurisdiction to entertain any arguments or evidence concerning the previously litigated adjustments–absent certain circumstances. *United States v. Polland*, 56 F.3d 776, 777-779 (7th Cir. 1995) (noting that the "law of the case" doctrine is a corollary to the "mandate" rule under 28 U.S.C. §2106[1]) (citations omitted); *City Public Service*, 935 F.2d at 82 ("The district court must comply with the appellate court's mandate without variance.... [unless] one of three circumstances occurs....") (citation omitted). Those exceptional circumstances are limited to conditions where:

> (1) the evidence adduced on retrial [or in the subsequent proceeding] was substantially different; (2) controlling authority has since overruled the decision of law embraced by the appellate mandate; or (3) the prior panel's decision is manifestly unjust and clearly erroneous, striking the court "as more than just maybe or probably wrong; it must be dead wrong."

*B.J. Reid v. Rolling Fork Public Utility District*, 979 F.2d 1084, 1087 n.6 (5th Cir. 1992) (quoting *City Public Service*, 935 F.2d at 82 (which in turn quotes *Parts & Elec.*

---

[1]Title 28 U.S.C. §2106 provides: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment decree, or order, or require such further proceedings to be had as may be just under the circumstances."

*Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 ([7th Cir. 1988]); *Paul*, 734 F.2d at 1066. These circumstances are not present here. Counsel did not render deficient representation.

It is noteworthy that Cruz does not even specify which other issues should have been raised. In any event, the Fifth Circuit will not review a district court's refusal to depart from the Sentencing Guidelines unless the refusal was in violation of the law. *See, e.g., United States v. Miro*, 29 F.3d 194, 198 (5th Cir. 1994); *United States v. Aggarwal*, 17 F.3d 737, 745 (5th Cir. 1994). If the court was "unaware" that it had authority to depart, then remand would be appropriate. Conversely, if the court was aware that it could depart but chose not to do so, no further review is warranted. *Id.*, 29 F.3d at 198 n.3 (citing *United States v. Soliman*, 954 F.2d 1012, 1014 ([5th Cir. 1992]); *United States v. Miller*, 903 F.2d 341, 349 n.10 ([5th Cir. 1990]). The court refused to depart from the guidelines under the facts of the case. Consequently, no issue could be subject to review and counsel did not render ineffective assistance of counsel in failing to pursue such claim.

B. Issue Two–*Apprendi* and *Almendarez-Torres*

First, the substantive issue under ground of error two is barred from review on collateral attack since it has already been raised and rejected on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997)(citing *United States v. Kalish*, 780 F.2d 506, 508 ([5th Cir. 1986]). The direct appeal following resentencing raised the *Apprendi* and *Almendarez-Torres* argument, a circumstance he concedes in his §2255 motion..

Second, substantively, the argument is without merit. To the extent Cruz argues that the felony provision of 8 U.S.C. §1326(a) and (b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000); *Almendarez-Torres v. U.S.*, 523 U.S. 224, 118 S.Ct. 1219 (1998) forecloses this claim. *United States v. Landeros-Gonzales*, 262 F.3d 424, 426 (5th Cir. 2001); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202, 121 S.Ct. 1214 (2001). This Court is bound by this precedent.

*Apprendi* did not declare §1326 unconstitutional. It specifically exempted its application to increases in sentences based upon the traditional "sentencing factor" of recidivism. *Apprendi*, 530 U.S. at 475-76, 120 S.Ct. at 2355. Moreover, §1326 is distinguishable from the New Jersey "hate crimes" statute involved in *Apprendi*. The New Jersey "hate crimes" statute specifically provided that a judge could find by a

preponderance of the evidence an aggravating motive for the original crime and thereby increase the statutory maximum sentence. Section 1326 is silent as to who makes the finding of "felony" under §1326 and under what particular standard of proof. Section 1326 only attaches effects to facts. It is up to the judiciary to determine who decides the facts and under what particular burden, and thereby to enforce the "constitutional" application of §1326. *Id.* Hence, the treatment of the "felony" provision of §1326 as a sentencing factor is consistent with the holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1998).

The issue of whether *Almendarez-Torres* will be overturned, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), is an action solely within the Supreme Court's authority. *See Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 2017 (1997) ("'If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.''). *See also United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000), *cert. denied*, 122 S.Ct. 911 (U.S. Jan 14, 2002) (holding that absence of prior felony conviction from indictment not reversible error); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), *cert. denied*, 531 U.S. 1177, 121 S.Ct. 1152 (U. S. Feb 20, 2001)(noting that one defendant's prior felony

conviction did not require allegation in the indictment)(citations omitted),*cert. denied*, 121 S.Ct. 1152 (2001); *United States v. Cuevas-Andrade*, 232 F.3d 440, 443 n.1 (5th Cir. 2000), *cert. denied*, 532 U.S. 1014, 121 S.Ct. 1748 (U.S. Apr 30, 2001)(noting that *Almendarez-Torres* issue was raised to preserve claim to Supreme Court); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (finding issue without merit), *cert. denied*, 531 U.S. 1202, 121 S.Ct. 1214 (2001). No substantive relief is warranted. *United States v. Nava-Perez*, 242 F.3d 277, 279 (5th Cir. 2001), *cert. denied*, 533 U.S. 923, 121 S.Ct. 2537 (U.S. Jun 18, 2001); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 413-415 (9th Cir. 2000), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503 (U.S. Apr 2, 2001); *see also United States v. Martinez-Villalva*, 232 F.3d 1329, 1331-1332 (10th Cir. 2000).

Assuming *arguendo*, that the holding in *Apprendi* applies irrespective of the decision in *Almendarez-Torres*, Cruz argument still fails. He did not contest the adequacy of the notice of the applicability of the statute. In anyevent, the statute, 8 U.S.C. §1326(b)(2), was correctly cited in the indictment (docket entry 1). Whether Cruz would be required to demonstrate plain error or not, *see Dabeit*, 231 F.3d at 983 (citing general rules for plain error); *United States v. Meshack*, 225 F.3d 556, 575 and n.16 (5th Cir. 2000), *cert. denied*, 531 U.S. 1100, 121 S.Ct. 834 (U.S. Jan 8, 2001) (applying plain error standard where government conceded *Apprendi* applied to prosecution under 21 U.S.C. §841); *United States v. Rios-Quintero*, 204 F.3d 214, 215

(5th Cir. 2000), *cert. denied*, 531 U.S. 925, 121 S.Ct. 301 (U.S. Oct 10, 2000)(applying plain error standard to post-conviction challenge to indictment based upon Supreme Court decision that was announced following sentencing but prior to submission of appellate briefs), the citation in the indictment of § 1326 in the absence of a timely and adequate objection to the indictment should be adequate to uphold the imposed sentence.

The indictment contained language in the citation caption "1326". And the court asked Cruz if he understood he faced at most a twenty-year sentence (rearraignment, p. 18). *Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 488-90, 120 S. Ct. at 2362-2363. This holding expressly excludes certain prior convictions from the requirement of allegation and proof to a jury as enhancing facts. *Apprendi* did not expressly require the United States to allege a prior conviction in the indictment even if the prior conviction increases the statutory maximum. *Apprendi* did not address the question of the adequacy of the indictment, a matter not before the Court. *Id.*, at 477, 120 S.Ct. at 2356 n.3.

Hence, the imposition of a sentence within the statutory maximum and in reliance upon the sentencing guideline scores was reasonable. *See United States v. Sheppard*, 219 F.3d 766, 768 (8th Cir. 2000), *cert. denied*, 531 U.S. 1200, 121

S.Ct. 1208 (U.S. Feb 26, 2001)(citing *Aguayo-Delgado*, 220 F.3d at 933

("Aguayo-Delgado's sentence, 240 months imprisonment and ten years' supervised

release, therefore is within the statutory range allowable for conspiracy to distribute

methamphetamine regardless of drug quantity, considering his prior drug

conviction."); *see and compare Meshack*, 225 F.3d at 576 (direct appeal);

*Hernandez v. United States*, 226 F.3d 839, 840-841 (7th Cir. 2000)(on dismissal of

successive §2255 petition); *United States v. Gerrow*, 232 F.3d 831, 834-835 (11th

Cir. 2000), *cert. denied*, 122 S.Ct. 75 (U.S., Oct 1, 2001); *United States v. Rogers*,

228 F.3d 1318 (11th Cir. 2000) (where: (1) government abandoned reliance upon

21 U.S.C. § 851 enhancement; and (2) issue of quantity-of-drugs-attributable-to-

defendant-to-be-determined-by-jury was preserved by objection at sentencing and

reviewed on direct appeal); *Keith*, 230 F.3d at 786-787 (involving analysis of 21

U.S.C. §841(b)(1)(A, C) and embracing *Aguayo-Delgado*).  Thus, no error has been

shown under *Apprendi*.  *Accord Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir.

2000)(listing cases). This argument is procedurally barred and without merit.

## 9.

No evidentiary hearing is necessary to resolve issues presented.  *United States*

*v. Samuels*, 59 F.3d 526, 530 and n.16-17 (5th Cir. 1995)(citations omitted);

*Bartholomew*, 974 F.2d at 41-42. Cruz alleges no facts which would be the proper

subject of a motion to correct sentence, vacate the judgment, or which would warrant an evidentiary hearing under either 28 U.S.C. §2255. Therefore, the government moves for dismissal, or in the alternative, summary judgment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Cruz' §2255 petition be dismissed or, in the alternative, be subject to summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER,
Chief, Appellate Division

JEFFERY A. BABCOCK
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Texas Bar No. 01481400
Federal I.D. No. 9311
713-567-9363

### CERTIFICATE OF SERVICE

I, Jeffery A. Babcock, Assistant United States Attorney, certify that a true and correct copy of the above motion has been served by placing same in the United States mail, postage prepaid, on July 5, 2002, addressed to:

Manuel Cruz-Islas
No. 86510-079
United States Penitentiary
PO Box 26030 D/B Unit
Beaumont, Tx. 77720-6030

JEFFERY A. BABCOCK
Assistant United States Attorney

18

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,       §
    Plaintiff-Respondent       §
                           §
v.       §       CR No. B-99-263-01
                           §
MANUEL CRUZ-ISLAS,       §
    Defendant-Movant       §
    (CA No. B-02-105)       §

RECOMMENDED ORDER

The Court, having reviewed the motion to vacate sentence and the government's response in opposition, as well as the files and records contained in this cause, concludes that Cruz' motion should be DISMISSED. Trial counsel were limited by the law of the case doctrine as to the single issue to pursue at resentencing. Most of Cruz' complaints are too vague or conclusory to address. Appellate counsel did not render constitutionally deficient representation by refusing to pursue an issue, denial of the downward departure motion, that was not reviewable on appeal. The §2255 motion should be dismissed.

Substantively, the indictment alleged 8 U.S.C. §1326(b)(2) and Cruz was admonished that he faced a twenty-year maximum punishment. He did not object to that notice or the court's admonishments. *Almendarez-Torres v. U.S.*, 523 U.S. 224, 118 S.Ct. 1219 (1998) forecloses his claim. *United States v. Landeros-Gonzalez*, 262 F.3d 424, 426 (5th Cir. 2001); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.

2000), *cert. denied*, 531 U.S. 1202, 121 S.Ct. 1214 (2001).  Cruz' §2255 motion should be dismissed.

DONE this _____ day of _____, 2002 at Brownsville, Texas.

_____

UNITED STATES MAGISTRATE JUDGE