# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| MANUEL CRUZ-ISLAS, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-02-105 |
| VS. | § | |
| | § | CRIMINAL NO. B-99-263 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Manuel Cruz-Islas'("Cruz-Islas") 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct His Sentence, and the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment. For the reasons set forth below, it is recommended that the Court grant the Government's Motion and Dismiss Cruz-Islas' § 2255 Motion.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS

Cruz-Islas is a Mexican citizen. He was convicted on September 19, 1997 for delivery of cocaine. On September 3, 1998, he was deported to Mexico. In November 1998, Cruz-Islas was arrested for possession of cocaine. He admitted to returning illegally to the United States on October 11, 1998. On June 3, 1999, Cruz-Islas was indicted for one count of illegal entry into the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b). Cruz-Islas pleaded guilty in the United States District Court for the Southern District of Texas, Brownsville Division.[1]

---

[1] Despite the Government's insistence in its Answer that Cruz-Islas was convicted in the Southern District of Texas, Houston Division, this is simply not so (D.E. 6 at 1, 5).

At Cruz-Islas' October 18, 1999 sentencing, Cruz-Islas was assigned a base of eight levels for the offense, under U.S.S.G. § 2L1.2, which was increased by 16 levels due to two prior drug convictions. This brought Cruz-Islas to a sentencing level of 24. This was adjusted for acceptance of responsibility, leaving him with a sentencing level of 21. This level coupled with his prior criminal history, brought Cruz-Islas into the sentencing range of 77 to 96 months. The Court sentenced Cruz-Islas to 77 months in prison.

Cruz-Islas sought a downward departure from this range, based on his assertion that he illegally reentered the United States due to his extraordinary parental and spousal responsibilities. The Court denied him a downward departure.

Cruz-Islas appealed his sentence to the Fifth Circuit Court of Appeals, arguing that the district court did not understand that it had the authority to depart from the guidelines when faced with a defendant who had committed an offense due to a significant family situation. The Fifth Circuit agreed with Cruz-Islas. The Court said that district courts have the authority to depart from the guidelines when "a particular case presents atypical aggravating or mitigating features that were not adequately taken into consideration by the Sentencing Commission" (D.E. 28).[2] The Court remanded the case for re-sentencing "to allow the district court the opportunity to determine whether the facts of this case are extraordinary enough to warrant a downward departure" (D.E. 28).

On September 15, 2000, the district court re-sentenced Cruz-Islas to 96 months, after it found his situation did not warrant a downward departure (D.E. 29). Three days later, on September 18, 2000, the Court re-instated Cruz-Islas' original sentence of 77 months (D.E. 30). Cruz-Islas appealed the re-sentencing to the Fifth Circuit, which affirmed the district court on August 21, 2001

---

[2] The Docket Entry numbers refer to the Criminal docket in the case, C-99-263.

(D.E. 34). Cruz-Islas then petitioned the U.S. Supreme Court for a writ of certiorari, which was denied on January 7, 2002 (D.E. 36).

Cruz-Islas filed this timely 28 U.S.C. § 2255 Motion on May 22, 2002 to ask this Court again to re-sentence him (D.E. 38). He argues that his counsel at his re-sentencing was ineffective and that his counsel on appeal from his re-sentencing was also ineffective. He also argues that a 16 level enhancement was improper in his case. The Government has filed an Answer, a Motion for Dismissal and, in the Alternative, for Summary Judgment (D.E. 42). Cruz-Islas has replied to this Answer (D.E. 43).

### III. ANALYSIS

The cognizable claims enumerated in a § 2255 are: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982). Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors. *Id.*, 456 U.S. at 168, 102 S. Ct. at 1594.

Cruz-Islas asserts essentially three claims in his § 2255 Motion. He alleges his counsel was ineffective at both his direct appeal and at his re-sentencing hearing before the district court. In addition, he asserts that he should reap the benefit of Amendment 632 to the sentencing guidelines,

3

effective November 1, 2001, which amended U.S.S.G. § 2L1.2. Furthermore, he says that the indictment was deficient; it does not reference his prior felonies. Therefore, says Cruz-Islas, the district court improperly raised Cruz-Islas' base level by 16 levels, instead of the 4 that was proper.

### 1. Ineffective Assistance of Counsel

Cruz-Islas claims that his counsel was ineffective at both his re-sentencing and at the appeal of his re-sentencing proceeding. Cruz-Islas asserts that his re-sentencing counsel failed to show the district court that his familial situation warranted a downward departure from the guidelines. He complains that counsel failed to show the court his marriage certificate, his wife's hospital records, and to obtain and present affidavits from Cruz-Islas' relatives swearing that he returned to the United States to attend to his family.[3]

An ineffective assistance of counsel claim is reviewed "under the familiar two-prong analysis set forth in *Strickland v. Washington.*" *U.S. v. Drones*, 218 F.3d 496, 500 (5th Cir. 2000), *cert. denied*, 531 U.S. 1151, 121 S. Ct. 1095 (2001) (referencing *Strickland*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). To prevail on a claim of ineffective assistance of counsel, Cruz-Islas must demonstrate that counsel's performance was both deficient and prejudicial. This means that Cruz-Islas must show both that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance resulted in prejudice to the defendant. *Id.* In other words, counsel's deficiency must have led to an unfair and unreliable conviction and sentence. *U.S. v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001).

---

[3] It is Cruz-Islas' contention that he illegally returned to the United States because his wife had been taken to the hospital to have surgery. He asserts that he returned for the purpose of caring for his wife and children.

Here, Cruz-Islas must show that his re-sentencing counsel was deficient and but for those deficiencies, Cruz-Islas would have received a different sentence. Cruz-Islas must prove both prongs of the *Strickland* test. *Drones*, 218 F.3d at 500. If he fails on one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"). Because Cruz-Islas was not prejudiced by his counsel's performance at the re-sentencing hearing, it is not necessary to evaluate counsel's performance.

The Fifth Circuit remanded Cruz-Islas' case for re-sentencing "to allow the district court the opportunity to determine whether the facts of this case are extraordinary enough to warrant a downward departure" (D.E. 28). A review of the re-sentencing transcript makes clear that the court was not pleased with what it perceived as defense counsel's misrepresentations to the Fifth Circuit (D.E. 33). Nonetheless, the court thoroughly reviewed Cruz-Islas' assertion that his situation warranted a downward departure from the sentencing guidelines.

The court asked Cruz-Islas directly to answer many questions regarding his family. The court was aware both that Cruz-Islas was married and that he was asserting that he violated 8 U.S.C. §§ 1326(a) and (b) because he had returned to the United States to tend to his hospitalized wife and his children. The re-sentencing proceeding thoroughly apprized the court of Cruz-Islas' family history and situation. The court considered the evidence before it to determine whether Cruz-Islas' situation warranted a downward departure from the guidelines. The court determined that it did not.

The re-sentencing proceeding amply provided Cruz-Islas an opportunity to demonstrate to the court that he deserved a downward departure based on an extraordinary family situation. The Cruz-Islas has shown no prejudice to him based on the fact that the court asked Cruz-Islas himself

for the information instead of Cruz-Islas's counsel. Cruz-Islas complains of counsel's omissions, but these omissions do not give rise to prejudice. Had the omitted evidence been included in the re-sentencing proceeding, the result would not have been different.[4] They would have been merely cumulative of evidence of which the Cruz-Islas had already made the court aware. There can be no prejudice to a defendant for his counsel's failure to present cumulative evidence. *See Rudd v. Johnson,* 256 F.3d 317, 322 (5th Cir. 2001), *cert. denied,* 122 S. Ct. 477 (2001).

Moreover, Cruz-Islas's assertion that his counsel on appeal of his re-sentencing was ineffective for failure to challenge the above omissions is also without merit. An attorney's appellate performance is assessed under the same standard articulated in *Strickland. U.S. v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1995). As already stated, it is clear from the record that the "omissions" at the re-sentencing proceeding did not prejudice defendant. Because there was no prejudice to defendant, there would have been no merit in asserting this claim to the Fifth Circuit. Counsel was not ineffective for failing to present a meritless claim.

### 2. The 16-Point Enhancement

Cruz-Islas alleges that his two prior offenses were consolidated for sentencing purposes and therefore should not be considered as two separate offenses when determining his criminal history. This claim is wholly meritless. Cruz-Islas was convicted of two prior offenses, with the terms of imprisonment to run concurrently. That sentences run concurrently has no bearing on a determination of a defendant's criminal history for purposes of the sentencing guidelines.

---

[4]Again, Cruz-Islas complains of the omission of his marriage certificate, affidavits from his relatives as to the reason he illegally re-entered the United States and his wife's hospital records.

Cruz-Islas also asserts that his prior convictions should not have been treated as "aggravated" felonies. At the time Cruz-Islas was re-sentenced, a prior conviction for an "aggravated" felony raised a defendant's base level by 16. Aggravated felonies are defined in 8 U.S.C. § 1101(a)(43). Prior to this motion, Cruz-Islas not only did not contest that his prior felonies were "aggravated," but his counsel at re-sentencing so conceded (D.E. 33).

This issue certainly could have been raised on direct appeal. "To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default; and (2) 'actual prejudice' resulting from the errors of which he complains." *U.S. v. Frady*, 456 U.S. 152, 167068, 102 S. Ct. 1584, 1594 (1982). Cruz-Islas has not asserted any cause for his failure to raise this issue earlier. He also cannot assert prejudice for the failure because Cruz-Islas was convicted of crimes that fall under the definition in 8 U.S.C. § 1101 for "aggravated" felonies. In 2000, U.S.S.G. § 2L1.2 assigned "aggravated" felonies a 16-level enhancement. Thus, this argument is meritless.

### 3. The Indictment

Cruz-Islas also requests his sentence be amended to reflect the sentence outlined in 8 U.S.C. § 1326(a), the statute to which he pleaded guilty. The statute provides for a maximum two-year sentence to those who violate it. 8 U.S.C. § 1326(a). Cruz-Islas appears to be asserting that because his prior convictions were not included in his indictment, his sentence is improper.

It is well-settled that a defendant's prior convictions need not be included in an indictment and proved beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222 (1998). *Apprendi* itself specifically removed prior convictions from its reach. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000) ("*Other than*

*the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt" (emphasis added)). Therefore, it was not necessary for the government to include Cruz-Islas's prior convictions in the indictment.

### 4. Amendment 632

It is more likely that Cruz-Islas' complaints regarding his 16-level enhancement are triggered by the passage of Amendment 632 to the sentencing guidelines. Cruz-Islas did not specifically name Amendment 632 in his original § 2255 but noted it instead in his reply to the Government's Motion (D.E. 43). It seems, though, this reply clarifies Cruz-Islas' argument made in his Memorandum in Support of his § 2255 (D.E. 40). In the Memorandum, Cruz-Islas refers to a "recent Amendment" and says that his sentence enhancement should reflect the substance of this amendment (D.E. 40). Cruz-Islas's reply makes clear that he is referring to Amendment 632.

This claim is more appropriately within the scope of a 18 U.S.C. § 3582(c)(2) motion. Section 2255 motions are reserved for constitutional errors that could not have been resolved upon direct review and if not addressed, will result in a miscarriage of justice. *Williamson*, 183 F.3d at 462. Nonetheless, this claim is meritless.

On November 1, 2001, Amendment 632 modified U.S.S.G. § 2L1.2 from the form under which Cruz-Islas was sentenced to is current form. Previously, a defendant who had committed a prior "aggravated" felony received a 16-level enhancement, now § 2L1.2 assigns enhancement levels that vary depending upon the type of felony for which a defendant has been earlier convicted. U.S.S.G. App. C, Amendment 632. Cruz-Islas contends that had U.S.S.G. § 2L1.2 in its current form been in effect at the time of his sentencing, he would have benefitted from the gradations the

8

statute now employs. Specifically, he asserts that the current statute would have enhanced his base level of 8 by 12 levels, as opposed to the 16 he was assigned. In order for Cruz-Islas to prevail on his argument, however, the statute would have to apply retroactively.

A district court may shorten a term of imprisonment when it is based upon a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2), *U.S. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is U.S.S.G. § 1B1.10. Id. Section 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect; the amendment of which Cruz-Islas seeks the benefit must, therefore, be listed in that section. *See, e.g., U.S. v. Gonzalez-Balderas*, 105 F.3d 981 (5th Cir. 1997). Whether to reduce a sentence is left to the sound discretion of the trial court. *Boe*, 117 F.3d at 831.

Amendment 632, which Cruz-Islas asserts should be made retroactive, is not listed in § 1B1.10(c). Therefore, a reduced sentence is not authorized. U.S.S.G. § 1B1.10(a). *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) ("Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement.") Accordingly, the Court concludes that Cruz-Islas is not entitled to a reduction of sentence.

### 5. Evidentiary Hearing

Cruz-Islas requests the court hear an evidentiary hearing to resolve the issues he has raised in his § 2255 Motion. Because the record, together with the Motion, conclusively demonstrate that the Cruz-Islas is not entitled to relief, no such hearing is necessary. 28 U.S.C. § 2255.

## IV. CONCLUSION

IT IS **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED**. IT IS FURTHER **RECOMMENDED** that Manuel Cruz-Islas' Habeas Petition be **DISMISSED**

A party's failure to file written objections to the proposed findings, conclusion and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United States Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE this 26th day of August, 2002.

John Wm. Black
United States Magistrate Judge