Inc: 09/02/2002

/0

United States District Court
Southern District of Texas
FILED

SEP 0 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT CCURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

MANUEL CRUZ-ISLAS,                    §

    MOVANT-DEFENDANT,           §

    vs,                               §        CIVIL NO. B-02-CV-105

UNITED STATES OF AMERICA,       §        CRIM. NO. B-99-CR-263-01

    RESPONDENT.                  §

---

## MOVANT-DEFENDANT'S OBJECTION TO MAGISTRATE'S

## REPORT & RECOMMENDATION

---

    COMES FORTH movant-defendant Manuel Cruz-Islas with his timely objection to the Magistrate's Report & Recommendation filed on August 26, 2002, served on movant via regular mail procedures on August 30, 2002.

    A.   INEFFECTIVE ASSISTANCE OF COUNSEL:

    Movant invites the attention of the Court to recent Circuit precedent in United States v Stricklin, 290 F3d. 748 (5th. Cir. 2002), citing Glover v United States, 121 S.Ct. 696 (2001): "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggest that any amount of actual jail time has Sixth Amendment significance". Stricklin, Supra at 752.

-1-

Movant asserts to have met the two prongs of Strickland v Washington , 104 S.Ct. 2052 (1984) test. The mere fact that movant received no assistance at all during the limited remand and counsel omissions of favorable report and evidence gave rise to an increase sentence of 96 months compare to the 77 months original sentence.

The Magistrate's Report & Recommendation recognizes that the Court was extremely mad at defense counsel. Defense counsel failed to subdue the misinterpretation of the Court were it blamed limited remand counsel of something the appellate counsel in Houston Texas had represented to the Fifth Circuit that caused the limited remand.

"The Fifth Circuit remanded Cruz-Islas' case for re-sentencing "to allow the district court the opportunity to determine whether the facts of this case are "extraordinary" enough to warrant a downward departure". (D.E. 28). **A review of the re-sentencing transcripts makes clear that the court was not pleased with what it perceived as defense counsel's misrepresentation to the Fifth Circuit (D.E. 33)** . Nonetheless, the court thoroughly reviewed Cruz-Islas' assertion that his situation warranted a downward departure from the sentencing guidleines. R&R at 5.

-2-

CLARIFICATION:

Both, the district court during re-sentencing and the magistrate's judge continue with the impression that it was defense counsel who wrote defendant's opening brief, when in fact it was The Federal Public Defender's Office in Houston by Mr. Michael Sokolow who, if any, is to be blamed for any mis-representations to the Court of Appeals.

PREJUDICE:

Per the Ccurt's personal feelings, the discrepancies created during re-sentencing and defense counsel's lack of will to subdue the situation with the truth; movant defendant was left to navigate on his own before the mad judge without the mere assistance of counsel. Movant incremented himself at different stages and defense counsel was just not there to help him and remained inert when he, defense counsel knew the movant had made numerous mistakes during the Court's interrogation.

The outcome of the proceedings serves as proof of cause and prejudice: (i); Movant obtained a limited remand with assistance of counsel. Ccunsel did not only refused to investigate, obtain and present favorable evidence pertaining to the sole reasons the was compel to illegally re-enter the United States. Defense counsel refused to obtain State records that clearly reflect that he was not

-3-

blamed for the illegal minimal controlled substance allegedly found in the car movant was driving at the time he was found in the United States.

(ii); Per careful reading of the transcripts, there is not an objection, clarification or response from defense counsel during the entire limited remand. When in fact, the court required written documentation of proof, it was either defendant's word or no proof at all. Defense counsel remained perfectly quiet throughout the entire limited remand, perhaps, constraint after the open court reprimand.

(iii); The increased sentence from 77 to 96 months [19 months] is a perfect proof that up to the end of the hearing, the Court remained furious at the Public Defender's Office and would take it against movant-defendant by increasing his sentence. Even then, defense counsel failed to object to the increase sentence under current Circuit precedent as invalid.

(iv); Movant-defendant lost a perfect opportunity to obtain a downward departure under the "extraordinary circumstances" presented. There is a current amendment to 2L1.2 that gives the Court more discretion to depart downward on a case-by-case scenario. Movant's scenario continues to be one that falls outside the landmark under Koon v United States.

-4-

CONTINUAL PREJUDICE:

The Magistrate's Report & Recommendation refused to elaborate on the ongoing extraordinary family circumstances. Movant's wife did not only suffered from the first emergency back surgery, but a second one, a third one and finally she was left confined to a wheelchair. As stated on defendant's briefs, "if this cannot be considered "extraordinary circumstances" what then would be considered extraordinary for a downward departure?"

COURT'S FINAL WORD:

If the Court continues to uphold that either with the assistance of counsel or as-is, movant's own defense before the Court; the Court would have not been moved to depart downward for defendant, then there must be no extraordinary circumstances; but if with the effective assistance of counsel and all material facts and evidence presented, it appears that the Court would have looked at things with a better perspective, then movant continues to assert ineffective assistance of counsel combined with cause and prejudice where he lost an opportunity for downward departure, received an increased sentence and lost his opportunity to appeal what occured during re-sentencing.

-5-

## THE PRIOR CONVICTION:

Movant did not raised an Apprendi v New Jersey, issue. Movant contested the legality of the prior conviction as being a single petty prior conviction [personal use] that were consolidated for sentencing purpose. Movant asserts that the 16 point upward level enhancement was not warranted for non aggravated convictions for petty offenses.

The Report & Recommendation suggest that "this issues certainly could have been raised on direct appeal". Id at page 7. Movant incorporates this argument under the next issue.

## USSG AMENDMENT 632:

Movant asserts that for the petty offenses , pursuant to recent amendment to 2L1.2, depending on the seriousness of the prior offense, movant would have received either 4, 8 or 16 level increase instead of the standard 16 level enhancement.  The Court on its own motion can apply USSG Amendment 632 retroactive. See United States v Diaz, 248 F.3d 1065, 1107 (11th. Cir. 2001) "With the retroactivity of Amendment 599 established, the provision of USSG § 1B1.10 and 18 USC § 3582(c)(2) apply, resulting in a possible reduction of appellant's previous properly imposed sentence".

-6-

Movant's sentence can be significantly decreased per both, the extraordinary circumstances and downward departure from the old mandatory 16-level enhancement to level 4, 8 or 12 and not mandatory 16-level enhancmeent. Per careful elaboration, movant was convicted for personal possession and not for delivery of large quantities of controlled substances.

The fact that the enclosed surgeon's report clearly continues to demonstrate the need to apply Amendment 632 retroactive and apply 2L1.2 clarification anew to defendant's case.

<u>EVIDENTIARY HEARING:</u>

Movant asserts that where the record is incomplete, an evidentiary hearing is required. The Magistrate judge could have conducted a hearing to investigate defense counsel's deficiencies during re-sentencing, failure to investigate and mainly, allow movant to present favorable evidence in support of his claims of ineffective assistance of counsel at all stages of the criminal proceeding, sentencing; re-sentencing; direct appeal and Supreme Court.

CONCLUSION

WHEREFORE movant hereby careful and respectfully prays for reconsideration of the material fact, the ineffective assistance of counsel; cause and prejudice; application of USSG Amendment 632 and a reduction of sentence as time cut for movant to return to work and care for his ill wife and lonely children.

EXECUTED this 3th. day of September 2002.

CERTIFICATE OF SERVICE

UNITED STATES DEPARTMENT OF JUSTICE
A.U.S.A. JEFFERY A. BABCOCK
P.O. BOX 61129
HOUSTON TEXAS   77208-1129

RESPECTFULLY PRESENTED this 3th. day of September 2002 pursuant to the prison legal mail procedures set forth under Houston v Lack, 487 U.S. 266 (1988) and on this day I declare to have served the Clerk of the Court with an original and two copies of said objection to report and recommendation, first class postage prepaid.

MANUEL CRUZ-ISLAS     PRO-SE
REG. NO. 86510-079
UNITED STATES PENITENTIARY
P.O. BOX 26030 D/B UNIT
BEAUMONT, TEXAS 77720-6030

c.c. files

-8-