IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MANUEL CRUZ-ISLAS | § | |
| MOVANT-DEFENDANT, | § | |
| VS, | § | CAUSE NO. B-02-105 |
| UNITED STATES OF AMERICA, | § | CRIM. NO. B-99-263 |
| PLAINTIFF-RESPONDENT. | § | |
| | § | |

## DEFENDANT'S NOTICE OF APPEAL AND APPLICATION FOR COA?

COMES NOW movant-defendant Manuel Cruz-Islas with his timely notice of appeal after final judgment order and reconsideration denial dated November 14, 2002.

Movant-defendant hereby moves for the record to be prepared and transmitted to the 5th. Circuit Court of appeals pursuant to FRAP Rule 10(a) and movant incorporates his application for COA & In Forma Pauperis application to proceed under indigent status?

This Court has previously granted forma pauperis status on defendant, movant continues to pray for redress to proceed in forma pauperis on appeal?

### SWORN DECLARATION

Movant-defendant Manuel Cruz-Islas hereby declares to be indigent to afford court of appeals docket fees of $105.00 and careful and respectfully prays for leave to proceed in forma pauperis at all stages of the criminal proceeding? I declare the foregoing to be true and correct to the best of my knowledge. 28 USC § 1746.

-1-

APPLICATION FOR COA

DENIAL OF A CONSTITUTIONAL RIGHT:

In order to prevail on a certificate of appealability, the defendant must demonstrate a "substantial showing" of a denial of a constitutional right; a demonstration that includes showing that reasonable jurist could debate whether the petition should have been resolved in a "different manner" or that the issues presented were "adequate to deserve encouragement to proceed further". See Moore v Johnson, 225 F3d. 495 (5th. Cir. 2000); Hill v Johnson, 210 F3d. 481 (5th. Cir. 2000); Trevino v Johnson, 168 F3d. 173, 181 (5th. Cir. 1999); Slack v Mc Daniel, 120 S.Ct. 1595 (2000).

DENIAL OF A CONSTITUTIONAL RIGHT:

[A] defendant has the right to effective assistance of counsel at all stages of the crimial proceeding, including right to trial, direct appeal and as in the instant matter, upon remand and re-sentencing. Defendant also has the right to effective assistance of counsel during a hearing and to be tried only on the limited remand issues. See U.S. v Strickland, 290 F3d. 748, (5th. Cir.2002); citing Glover v United States, 121 S.Ct. 696 (2001); Strickland v Washington, 104 S.Ct. 2052 (1984).

[U]pon remand, defendant was denied the right to effective assistance of counsel be impediment of the Judge where the Court at the beguining of the hearing on limited remand accused the CJA lawyer that he (the lawyer) had made misrepresentations to the

-2-

Court of Appeals on how the sentencing court had not taken the authority and consideration the fact that the defendant had entered the United States under "extraordinary circumstances" such as the true fact that defendant's wife had been taken to the emergency hospital for back pain that resulted in surgery and later three additional surgeries that have left defendant's wife confined to a wheel chair paralized for life and defendant confined to prison for tending for her.

Upon the limited remand, defendant did not receibed the effective assistance of counsel during the hearing and in fact, defendant receibed an increase sentence from the original sentence imposed before remand. The fact that the Court was furious at both, CJA counsel and defendant; defendant's constitutional rights were violated to the extent that he should have receibed a fair hearing and the available evidence presented and proper consideration should have been granted and reduction instead of increased sentence should have been provided.

PETITION SHOULD HAVE BEEN RESOLVED IN A "DIFFERENT MANNER":

Rule of lenity commands that where there are alternative readings of a criminal statute we are to chose the harsher only when Congress has spoken in clear and difinate language. See U.S. v Brown, 79 F3d 1550 (11th. Cir. 1996).

In Koon v United States, 518 U.S. 81,92 (1996), USSG 2K2.0 the Courts have held that where the Sentencing Guidelines did not take into consideration as in the instant matter the "extraordinary circumstances", the Court can depart downward from the Guidelines in order to accomplish a fair punishment.

-3-

To have reprimanded counsel for defendant at the beguining of the re-sentencing hearing and the fact that at the end of the hearing the Court was so furious to an extent to increase imposed sentence to 96 months from original 77 months. Of course defendant states that the proceeding could have been resolved in a different manner.

THE ISSUES PRESENTED DESERVE ENCOURAGEMENT TO PROCEED:

Defendant deserves the opportunity for the Court of Appeals to review the re-sentencing transcripts. The handling of the re-sentencing hearing clearly affected the "fairness, integrity and public reputation of judicial proceedings". See United States v Willimamson, 183 F.3d 458, 464 (5th. Cir. 1999).

A reasonable Court would have found the application of USSG Amenmdment 632 applicable pursuant to USSG §1B1.10 and should have properly considered the ongoing fact that the sole reasons movant re-entered the country was solely to care for his wife and children at a critical stage in life. Defendant's wife remains confined to a wheelchair and defendant confined to prison for 77 months due to the illegal re-entry to be there for his wife.

APPLICATION FOR COA:

Movant defendant hereby careful and respectfully prays for leave to proceed with his claim to the 5th. Circuit Court of Appeals and for grant of in forma pauperis status.

-4-

EXECUTED this 3th. day of December 2002.


## CERTIFICATE OF SERVICE

Movant declares to have served:

> U.S. DEPARTMENT OF JUSTICE
> AUSA JEFFERY A. BABCOCK
> P.O. BOX 61129
> HOUSTON, TEXAS 77208-1129


RESPECTFULLY PRESENTED this 3th. day of December 2002

pursuant to the prison legal mail procedures set forth under the

Houston v Lack, 487 U.S. 266 (1988) procedures and declare to

have served the CLERK OF THE COURT with an original and two copies

of timely notice of appeals and COA application via first class

postage prepaid.


> MANUEL CRUZ-ISLAS   PRO-SE
> REG. NO. 86510-079
> UNITED STATES PENITENTIARY
> P.O. BOX 26030 D/B UNIT
> BEAUMONT, TEXAS 77720-6030

c.c. files
AUSA